UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CITY OF SHELTON,<br>    *Plaintiff*,<br>    *v.*<br>GARY H. COLLINS, *et al.*,<br>    *Defendants.* | Civil No. 3:12cv1176 (JBA)<br><br>March 14, 2014 |

**RULING GRANTING DEFENDANTS' SECOND MOTION TO DISMISS**

Plaintiff City of Shelton ("City") is a municipal corporation organized under the laws of the State of Connecticut.  After being named as a respondent in two cases before the Connecticut Commission on Human Rights and Opportunities ("CHRO"), the City sued Defendants in their official capacities—Gary H. Collins, the CHRO Chairperson, and Tanya Hughes, the CHRO Interim Executive Director.  Plaintiff's Second Amended Complaint [Doc. # 56] asserts claims under 42 U.S.C. § 1983, the Fourteenth Amendment and the Supremacy Clause art. VI, cl. 2 of the United States Constitution, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et. seq*. as amended by and including the Civil Rights Act of 1991, and the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking the following declaratory and injunctive relief: (1) a temporary and permanent injunction prohibiting Defendants from prosecuting, adjudicating, and enforcing Title VII or any other federal law; (2) a declaratory judgment holding that the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-58a, violates the Civil Rights Act of 1991, the Supremacy Clause, and the Seventh Amendment of the United States Constitution; (3) an order requiring Defendants to provide notice of

this Court's decision in this case to future parties in CHRO adjudication; and (4) attorneys' fees and costs.

Defendants move [Doc. # 60] to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). For the reasons that follow, Defendants' motion is granted.

I.  Facts

A.  CHRO Background

Because Plaintiff challenges the constitutionality of the CHRO's procedures, an overview of the agency's procedures is provided. The CHRO "is a state agency established under state law to enforce state-created rights,"[1] *Holt v. Cont'l Grp., Inc.*, 631 F. Supp. 653, 657 (D. Conn. 1985) (citing Conn. Gen. Stat. §§ 46a–52, 54, 56, 60, 82), and is also a certified designated agency of the EEOC. 29 C.F.R. § 1601.80. Because Connecticut is a "deferral state," before filing a Title VII claim with the EEOC, a complainant must first file with the CHRO. *See Doe v. Odili Technologies, Inc.*, No. 3:96cv1957 (AHN), 1997 WL 317316, at *2 (D. Conn. May 25, 1997). After a complaint alleging a discriminatory practice is filed with the CHRO and the respondent files an answer, the CHRO conducts a "Merit Assessment Review." Conn. Gen. Stat. §§ 46a-83(a), 46a-83(b); Conn. Agencies Regs. § 46a-54-49a.

---

[1] The federal Equal Employment Opportunity Commission ("EEOC") accepts CHRO findings as final, except for claims dismissed by the CHRO for lack of jurisdiction, as a result of "unsuccessful conciliation," or where the underlying charge has been designated for priority review. 29 C.F.R. § 1601.77. If requested, the EEOC may review CHRO final decisions but in so doing gives substantial weight to CHRO findings. 29 C.F.R. § 1601.76.

In the Merit Assessment Review, the executive director or a designee reviews the complaint, answer, reply, and responses to requests for information. Conn. Agencies Regs. § 46a-54-49a(a). The complaint is dismissed after the Merit Assessment Review if it is frivolous or fails to state a claim, if the respondent is exempt from the relevant statutes, or if there is no reasonable possibility that an investigation of the complaint will result in finding "reasonable cause" to believe that the alleged conduct occurred.[2] *Id.* § 46a-54-49a(b).

Once a claim has passed Merit Assessment Review, the CHRO decides whether to conduct an investigation, mandatory mediation, or both. Conn. Gen. Stat. § 46a-83(c). CHRO mediators cannot order a resolution. Conn. Agencies Regs. § 46a-54-56a(h). An investigation is conducted by the CHRO in fact–finding conferences in which the CHRO may request the presence of witnesses and compel production of documents. *Id.* § 46a-54-59a. If there is sufficient evidence to make a determination, the CHRO investigator considers the parties' comments on the CHRO's findings and analysis of the claims. *Id.* § 46a-54-59a. Then, the CHRO investigator issues a determination of whether there is reasonable cause to believe that the alleged discriminatory conduct occurred. *Id.* §§ 46a-54-60a, 46a-54-61a.

If after a finding of reasonable cause the parties fail to resolve their dispute, the complaint is certified for contested case proceedings. *Id.* § 46a-54-78a(b). The Chief Human Rights Referee appoints a Human Rights Referee to preside over the proceedings, which "provide the parties with a reasonable opportunity, as determined by the presiding

---

[2] "Reasonable cause" is akin to probable cause. *See Adriani v. CHRO*, 220 Conn. 307, 316–17 (1991).

officer, to present evidence and examine and compel the attendance of witnesses for resolution and disposition of the complaint on its merits." *Id* § 46a-54-79a.

At the conclusion of the contested case proceedings, if the Human Rights Referee finds discriminatory conduct, the referee issues an order to cease and desist. Conn. Gen. Stat. § 46a-86. The referee may also order the hiring or reinstatement of employees, award damages, attorney's fees and costs. *Id.* A party aggrieved by a final order of a Human Rights Referee may appeal to the Superior Court in accordance with Conn Gen. Stat. § 4–183. *Id.* § 46a-94a. The Superior Court's review is "confined to the record" produced by the agency, although additional facts to establish procedural irregularities may be admitted. *Id.* § 4-183(i). The Superior Court "shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact," *Id.* § 4-183(j), and "shall affirm" the CHRO unless the "substantial rights" of the appellant have been prejudiced because

> the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;[3] or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Id.*

---

[3] "This substantial evidence standard is highly deferential and permits less judicial scrutiny than a clearly erroneous or weight of the evidence standard of review." *Bd. of Educ. of City of Norwalk v. Comm'n on Human Rights & Opportunities*, 266 Conn. 492, 503–04 (2003) (internal quotation marks omitted).

### B. Factual Allegations

Plaintiff alleges the following facts. It was a party in two cases before the CHRO. First, *McGorty v. City of Shelton Fire Dep't*, (CHRO No. 0930371 and EEOC No. 16A-2009-01129) involved allegations of discrimination under both Title VII and the CFEPA, Conn. Gen. Stat.§ 46a-60. "[F]ollowing an investigator's finding of reasonable cause . . . [Plaintiff] faced being compelled by Defendants to submit to CHRO adjudication of the employee's Title VII claim under threat of adverse findings, orders of default, damages, fees, penalties, costs and attorney's fees." (2d Am. Compl. ¶¶ 10–11.) As a result, the City entered into a settlement agreement with the complainant. (*Id.* ¶ 11.)

The second case, *Puryear v. Echo Hose Ambulance Corps and City of Shelton* (CHRO No. 1130518), alleged racial discrimination in violation of Title VII and the CFEPA. On January 10, 2013, the case was dismissed in favor of the City on the basis that as a volunteer firefighter, Puryear had "failed to allege sufficient facts to support the existence of an employment relationship." (*Id.* ¶¶ 12–13.) On March 25, 2013, the CHRO appealed this administrative decision on behalf of Puryear to the Superior Court, which affirmed the dismissal of the CHRO complaint. *See Comm'n on Human Rights & Opportunities v. Echo Hose Ambulance*, CV136019858S, 2013 WL 7020546 (Conn. Super. Ct. Dec. 23, 2013);[4] (*Id.* ¶ 14.)

Plaintiff alleges that Defendant's Human Rights Referees in presiding over "public hearings," which are administrative hearings or "contested cases" governed by the

---

[4] According to the public docket, a notice of appeal to the Appellate Court of Connecticut was filed on January 30, 2014. *See id.* At oral argument, defense counsel represented that the CHRO is withdrawing from the appeal.

Connecticut Uniform Administrative Procedure Act, (*id.* ¶ 15), "unlawfully prosecute Title VII claims," depriving parties of "civil discovery, an Article III judge, jury, or appeal to a federal Court of Appeals" (*id.* ¶¶ 15–16, 30.)  The crux of Plaintiff's claim is that by asserting "jurisdiction over any deprivation of rights protected by the laws of the United States" (*id.* ¶ 19), the CHRO unlawfully adjudicates federal claims "under the ruse" of a state statute (*id.* ¶ 20) and thereby imports federal remedies into CHRO proceedings which are not otherwise available under the CFEPA, while simultaneously denying respondents like Plaintiff the rights and procedures to which they are entitled under Title VII.[5]

### C. Procedural History

After Plaintiff filed its Amended Complaint, both CHRO actions pending against it were concluded.  The City prevailed in *Puryear* at the CHRO Office of Public Hearings (and subsequently at the Superior Court), and it settled *McGorty*.  In light of those developments discussed at oral argument on Defendants' first motion to dismiss, the Court denied [Doc. # 54] Defendants' motion to dismiss without prejudice to renewal, and allowed Plaintiff to file a second amended complaint and to conduct limited discovery regarding Defendants' Eleventh Amendment immunity claims.

---

[5] Plaintiff alleges that it is Defendants' position that the CHRO can adjudicate Title VII claims and has done so in prior CHRO proceedings. (*See* 2d Am. Compl. ¶¶ 17–19.)  Plaintiff refers to several CHRO rulings [Doc. # 38] to support this claim.  In some of the rulings, a Human Rights Referee entered a default judgment, finding that a respondent violated Title VII.  *See, e.g.*, *CHRO ex rel. Rosa DiMicco v. Neil Roberts, Inc.*, at *3 CHRO No. 0420438, EEOC No. 16aa400982 (Sept. 12, 2006).  In other rulings, another Human Rights Referee makes clear that violation of a right protected by Title VII would constitute a violation of Conn. Gen. Stat. § 46a-58(a).  *See Gabriel v. Carlson*, at *3 CHRO No. 0620141, EEOC No. 16aa600013 (June 30, 2009).

II.     Discussion[6]

Defendants' motion to dismiss is brought on six grounds: (1) Plaintiff lacks standing; (2) Plaintiff has not asserted a viable claim under the Declaratory Judgment Act; (3) Plaintiff's claims are not ripe; (4) Plaintiff's claims are moot; (5) Plaintiff has failed to comply with the statutory prerequisites for a Title VII claim; and (6) Plaintiff's suit is barred by the Eleventh Amendment.  (Defs.' Mem. Supp. [Doc. # 61] at 8.)  The Court concludes that dismissal is required by the Eleventh Amendment.

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.  "'Although the text of the Amendment would appear to restrict only the Article III diversity jurisdiction of the federal courts,' it has been construed more broadly to render states and their agencies immune from suits brought by private parties

---

[6] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Detailed allegations are not required but a claim will be found facially plausible only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Id.*  In resolving a motion to dismiss for lack of subject matter jurisdiction, the court may refer to evidence outside the pleadings.  *Id.*

in federal court." *In re Charter Oak Associates*, 361 F.3d 760, 765 (2d Cir. 2004) (quoting *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54 (1996)).

The *Ex parte Young*, 209 U.S. 123 (1908), exception that Plaintiff invokes provides that a plaintiff may sue state officials acting in their official capacities if a plaintiff (a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective. *In re Dep. Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007). "[O]rdinarily an *allegation* of an ongoing violation of federal law is sufficient for purposes of the *Young* exception," and a court's "inquiry concerning such allegations is limited to whether the alleged violation is a substantial, and not frivolous, one; [without reaching] the legal merits of the claim." *Id.* at 21 (emphasis in original).

Plaintiff contends that the CHRO has exceeded its authority by awarding Title VII relief, "the jurisdiction of which remains with Article III courts"[7] (Pl.'s Opp'n [Doc. # 69] at 33), in its application of Conn. Gen. Stat. § 46a-58(a), which protects individuals from the "deprivation of any rights, privileges or immunities, secured or protected by the Constitution or laws of [Connecticut] or of the United States." At oral argument, Plaintiff confirmed that it does not dispute that Connecticut can and does look to federal law to interpret its own antidiscrimination statutes, *see Hill v. Pinkerton Sec. & Investigation Serv., Inc.,* 977 F.Supp. 148, 153 (D. Conn. 1997) ("Connecticut courts have looked to federal precedent in the employment discrimination arena for guidance in enforcing the state antidiscrimination statutes."), such that a proven Title VII violation

---

[7] Plaintiff's contention that federal courts have exclusive jurisdiction over Title VII claims is incorrect; state courts have concurrent jurisdiction. *See Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 826 (1990) ("[S]tate courts are just as able as federal courts to adjudicate Title VII claims.").

may constitute a violation of Connecticut law, *see Holt*, 631 F. Supp. at 657 ("[M]any discriminatory practices made illegal under federal law are also made illegal under Connecticut statutes . . . . To the extent that a discriminatory practice which is illegal under federal law is also illegal under Connecticut law, the []CHRO may assert jurisdiction over the claim.").

Plaintiff contends, however, that the CHRO has ignored several Connecticut Supreme Court decisions, such as *Bridgeport Hospital v. CHRO*, 232 Conn. 91 (1995), *Fenn Mfg. Co. v. CHRO*, 232 Conn. 117 (1995), and *CHRO v. Truelove & MacLean, Inc.*, 238 Conn. 337 (1996), which hold the CHRO cannot award damages for emotional distress and attorney's fees for violations of the CFEPA. The CHRO has continued to award such damages, but does so under the authority of the general deprivation of rights statute, § 46a-58(a), rather than the provisions at issue in those cases.[8] Plaintiff concludes that because the CHRO is awarding damages for emotional distress and such damages are

---

[8] Because § 46a-58(a) makes it a violation of state law to deprive an individual of rights protected by federal law, the CHRO contends that discrimination in violation of Title VII is a violation of § 46a-58(a). *See Trimachi v. Conn. Workers Comp. Comm.*, CV 970403037S, 2000 WL 872451 (Conn. Super. Ct. June 14, 2000) ("General Statutes § 46a-58(a) has expressly converted a violation of federal antidiscrimination laws into a violation of Connecticut antidiscrimination laws."). Section § 46a-86(c) specifically authorizes the CHRO to award damages for violations of § 46a-58. Accordingly, although the Connecticut Supreme Court held that the provisions of the CFEPA at issue in *Bridgeport Hospital*, *Fenn Mfg. Co.*, and *Truelove* do not not authorize the CHRO to award damages for emotional distress and attorney's fees, the CHRO has relied upon § 46a-58(a) to do so. *See Comm'n on Human Rights & Opportunities v. Bd. of Educ. of Town of Cheshire*, 270 Conn. 665, 686 (2004) ("[W]e agree with the commission that § 46a–86(c) authorizes it to award some appropriate form of compensatory damages . . . upon a finding that the defendants engaged in a discriminatory practice pursuant to § 46a–58(a).").

available under Title VII but not under the CFEPA, the CHRO is improperly adjudicating claims under Title VII. (*See* Pl.'s Opp'n at 3.)

Whether the CHRO is or is not exceeding its statutory authority under Connecticut law, Plaintiff fails to state a claim for relief in federal court because no ongoing violation of federal law is plausibly alleged. Plaintiff's challenge is to the manner in which the CHRO handles employment discrimination complaints under the CFEPA as construed by the Connecticut Supreme Court, as exemplified by *Puryear*.[9] Such a claim alleges a violation of state, not federal law[10] or constitutional rights. The Eleventh

---

[9] Given that Plaintiff voluntarily settled *McCorty*, its claims for declaratory and injunctive relief alleged as to those CHRO proceedings are moot. Plaintiff contends that the "capable of repetition, yet evading review" exception applies. (Pl.'s Opp'n at 22.) This "principle applies only 'where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.'" *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*, 260 F.3d 114, 119 (2d Cir. 2001) (quoting *Spencer v. Kemna,* 523 U.S. 1, 17 (1998)). "A recurrent dispute will 'evade review' if it could not be entirely litigated before again becoming moot, including prosecution of appeals as far as the Supreme Court. Given these strictures, it has been said that the exception 'applies only in exceptional situations,' and is 'severely circumscribed.'" *Id.* (internal citations omitted). Should the CHRO bring another case against it, Plaintiff would have the opportunity to fully litigate its constitutional challenges in state court by pursuing appeals of adverse rulings rather than settling with a complainant. *See* Conn. Gen. Stat. § 4-183 (providing that the Superior Court may reverse decisions of the CHRO that are "[i]n violation of constitutional or statutory provisions").

[10] The ruling of the Superior Court in *Puryear* makes clear that the CHRO was adjudicating state and not federal law. In ruling that a volunteer is not protected under the Connecticut Fair Employment Practices Act, the Superior Court looked to federal law as an interpretative guide, 2013 WL 7020546, at *4 ("Connecticut antidiscrimination statutes should be interpreted in accordance with federal antidiscrimination laws" (quoting *Callendar v. Reflexite Corporation,* 143 Conn. App. 351, 375, n. 8 (2013)), but

10

Amendment bars a suit in federal court against a state agency, and Plaintiffs do not plausibly allege an ongoing violation of federal law which would permit federal review under *Ex parte Young*. Given this conclusion, the Court need not address Defendants' other grounds for dismissal.

### III.     Conclusion

For the reasons set forth above, Defendants' Motion [Doc. # 60] to Dismiss is GRANTED in its entirety.  The Clerk is directed to close this case.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 14th day of March, 2014.

---

made clear that it was not adjudicating a federal claim, *see id.* ("[T]he court concludes that it must interpret § 46a–51(9) in keeping with the Title VII decisions.").